Singh v. Holder

BIA
Poczter, IJ
A201 291 140

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges.*

_____

MANGAT SINGH,

*Petitioner,*

v.                                                            13-4838
                                                              NAC

ERIC H. HOLDER, JR., United States
Attorney General,

*Respondent.*

_____

FOR PETITIONER:        Amy Nussbaum Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Mangat Singh, a native and citizen of India, seeks review of a December 9, 2013 order of the BIA, affirming the April 10, 2013 decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Mangat Singh, No. A201 291 140 (B.I.A. Dec. 9, 2013), aff'g No. A201 291 140 (Immig. Ct. N.Y.C. Apr. 10, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165–66 (2d Cir. 2008).

For applications such as Singh's, which are governed by the REAL ID Act, the agency may base a credibility finding on inconsistencies in an applicant's statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." Xiu Xia Lin v. Mukasey, 534 F.3d at 167.

As an initial matter, we conclude that Singh failed to exhaust his CAT claim because he did not seek review by the BIA of the IJ's denial of CAT relief. See Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir. 2006) (concluding CAT claim was unexhausted where petitioner "made no argument relevant to [CAT] claim" in brief to BIA). As a result, we lack jurisdiction to review that claim and, accordingly, dismiss that part of the petition. See id.

Nevertheless, contrary to the Government's contention, we do have jurisdiction to review Singh's challenge to the adverse credibility finding as it relates to asylum and withholding of removal. On these claims, Singh exhausted before the BIA his general challenge to the IJ's adverse credibility determination, i.e., that the IJ relied on minor inconsistencies that did not support an adverse credibility determination given the totality of the circumstances. That challenge is, however, without merit.

The IJ's adverse credibility determination was reasonably based on an inconsistency between Singh's application and his testimony about the location of his 2009 attack by individuals opposed to his political party, Shiromini Akali Dal Amristar ("SADA"). As the IJ observed, Singh stated in his application that he was attacked while working at a party rally; however, he testified inconsistently that he was attacked after the rally finished while on his way home. The agency was not compelled to credit his explanation that he was tense and forgot to mention in his application that he was on his way to his village when he was beaten because his application did not merely omit this detail, but rather contradicted it. See Majidi v. Gonzales, 430 F.3d 77, 80–81 (2d Cir. 2005) (explaining that IJ need not credit

3

applicant's explanations for inconsistencies in record unless reasonable fact-finder would be compelled to do so).

The agency also reasonably relied on the omission from Singh's application of his later assertion that he was hospitalized following the 2009 attack by opposition party members. See Xiu Xia Lin v. Mukasey, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). Although an asylum applicant need not include every detail of his claim in an application, see Pavlova v. INS, 441 F.3d 82, 90 (2d Cir. 2006), it was reasonable for the agency to rely on Singh's omission of his alleged hospital visit given that he included details regarding two other doctor's visits in his application.

The credibility determination was also properly based on inconsistencies among Singh's testimony, his written statement, and his father's letter as to whether his father took him to the hospital following his 2010 attack. Singh testified that his father took him to the hospital after he was beaten by opposition party members in 2010. However, Singh's written statement did not include this information, stating instead that onlookers took him to the doctor. Finally, Singh's father's letter indicated that he took Singh to the hospital after Singh was attacked by police in 2009, but did not mention that he took him to the hospital after his attack in 2010. The agency was not compelled to credit Singh's explanation—that his father might not have known what to write. See Majidi v. Gonzales, 430 F.3d at 80–81.

The agency also did not err in relying on minor inconsistencies in Singh's statements and other record evidence regarding the dates of his involvement with SADA and the duties

4

he performed for the party. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir. 2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (citation and internal quotation marks omitted)).

Having reasonably called Singh's credibility into question on the basis of the foregoing inconsistencies, the agency did not err in finding that his failure to provide sufficient corroborative evidence further undermined his credibility. We have recognized that an applicant's failure to corroborate his testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious or because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007). We find no error in the IJ's decision to afford diminished weight to affidavits from Singh's family and friends. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded to applicant's evidence lies largely within discretion of agency). Similarly, the IJ reasonably questioned the veracity of medical records that Singh pulled from his pocket during cross-examination because he was unfamiliar with them even though they were issued years before his hearing. See id.

Based on the foregoing, we conclude that the agency's adverse credibility determination is supported by substantial evidence. The agency therefore did not err in denying asylum. See Paul v. Gonzales, 444 F.3d 148, 156–57 (2d Cir. 2006). Further,

5

because "an applicant who fails to establish [his] eligibility for asylum necessarily fails to establish eligibility for withholding of removal," Vanegas-Ramirez v. Holder, 768 F.3d 226, 237 (2d Cir. 2014), the agency also did not err in denying withholding of removal.

     For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
